UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LETTY HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7514** |
| **CREATIVE GROUP, INC., ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Creative Group, Inc.'s Motion for Summary Judgment (Doc. #30) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

**IT IS FURTHER ORDERED** that USA Hosts, Ltd.'s Motion for Summary Judgment (Doc. #32) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

## BACKGROUND

In October 2008, Starbucks Corporation held its Store Management Leadership Conference in New Orleans, Louisiana. Starbucks hired Creative Group, Inc., a company that specializes in meeting planning, as a consultant for the conference. Creative Group arranged the air travel and hotel accommodations for the conference attendees and used its proprietary software to monitor the movement of the attendees to provide information to a destination management company to facilitate the ground transportation of the convention attendees. Creative Group also vetted the potential

ground transportation management companies and recommended USA Hosts, Ltd. to Starbucks. Creative Group and USA Hosts did not have a contract with each other regarding the ground transportation for Starbucks' 2008 Store Management Leadership Conference in New Orleans, Louisiana.

Starbucks contracted with USA Hosts to provide the ground transportation for the conference USA Hosts contracted with independent transportation providers, such as American Luxury Limousines, L.L.C. to provide the bus services. USA Hosts did not own or operate any of the vehicles used to transport the attendees, nor did it employ the drivers of those vehicles.

Plaintiff, Letty Hernandez, attended Starbucks' 2008 Store Manager Leadership Conference in New Orleans, Louisiana. On October 27, 2008, Hernandez fell while exiting a shuttle bus in front of the Royal Sonesta Hotel, injuring her ankle and shoulder. Hernandez alleges that the bus was parked too far away from the curb which created a dangerous condition. Hernandez sued Creative Group and USA Hosts[1] alleging that they are liable for her injuries. Specifically, Hernandez alleges that the bus driver was USA Hosts' agent and employee, and that he was acting in the course and scope of his employment with USA Hosts at the time of the accident. Further, Hernandez alleges that USA Hosts was Creative Group's agent because Creative Group contracted with USA Hosts to fulfill Creative Group's obligations to Starbucks.

Creative Group and USA Hosts contend that they are entitled to summary judgment. Creative Group argues that it did not have a contract with USA Hosts, and that it was not responsible

---

[1] Hernandez also sued the bus driver as "John Doe," but has never amended her complaint to identify that defendant by name. She did not sue the bus driver's employer.

for ground transportation under its contract with Starbucks. Also, Creative Group argues that because it was not involved in ground transportation, it did not owe Hernandez a duty regarding her safety in departing from a bus. Finally, Creative Group argues that USA Hosts was not its agent because it did not have any control over USA Hosts' actions.

USA Hosts adopts Creative Group's arguments. Also, USA Hosts argues that it is not liable to Hernandez because it did not employ or control the driver of the bus from which Hernandez fell.

## ANALYSIS

**A.    Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

3

**B.     Agency**

Hernandez alleges that USA Hosts is liable for her injuries because the bus driver was acting as its agent and employee at the time of the accident. Also, she alleges that Creative Group is liable for her injuries because it had a contract with USA Hosts, and USA Hosts was its agent at the time of the accident.

"An agent is one who acts for or in place of another by authority from the latter." Cross v. Cutter Biological Div. of Miles Inc., 676 So.2d 131, 147 (La. Ct. App. 1996). An agency relationship can be created expressly or can be implied by apparent authority. Id. The test for implied agency is "whether the principal has the right to control the conduct of the agent and whether the agent has the right and authority to represent or bind the principal." Id. Courts examine "the words and conduct of the parities and the circumstances of the case" to determine whether an agency relationship exists." Id.

There are no express agency relationships present in this case. Creative Group did not have a contract with USA Hosts, and USA Hosts did not employ the bus driver.

Further, there is no implied agency. Creative Group did not have any right to control USA Hosts' conduct. Creative Group and USA Hosts both had separate contracts with Starbucks to provide different services for the Starbucks' 2008 Store Management Leadership Conference. Although they may have worked together to make the convention flow smoothly, Creative Group could not and did not direct USA Hosts on which transportation providers to hire or how to perform its contractual duties to Starbucks. Additiionally, USA Hosts did not have any right or authority to represent or bind Creative Group.

Similarly, the bus driver did not have apparent authority from USA Hosts. The driver was not employed by USA Hosts, and USA Hosts could not fire him, supervise his performance, or direct him exactly where to position a bus in relation to a curb at a designated drop off point when there are no allegations that the drop off point was otherwise unsafe. Further, the driver was identified as an American Luxury driver and he did not have the right and authority to represent or bind USA Hosts.

Therefore, there was no agency relationship between Creative Group and USA Hosts, or between USA Hosts and the bus driver,.

**C.    Operational Control**

Hernandez argues that as independent contractors, Creative Group retained operational control over USA Hosts and USA Hosts retained operational control over the transportation providers and their drivers.

"Under Louisiana law, a principal is generally not liable for the offenses an independent contractor commits in the course of performing its contractual duties." Ainsworth v. Shell Offshore, Inc., 829 F.2d 548, 549 (5th Cir. 1987), cert. denied, 108 S.Ct. 1593 (1988). However, a principal may be found liable if it retains "operational control" over an independent contractor." Id. at 549-551. Operational control is determined primarily by the terms of the contract itself. Duplantis v. Shell, 948 F.2d 187, 193 (5th Cir. 1991) (quoting Ham v. Pennzoil, 869 F.2d 840, 842 (5th Cir. 1989)). The principal's actual control is less important. Ainsworth, 829 F.2d at 550-51.

Creative Group did not have a contract with USA Hosts. Further, Creative Group's involvement with the ground transportation at the convention was limited to logistics. As stated in

5

the affidavit of Thomas W. Sernett, the Creative Group Account Executive for Starbucks, Creative Group did not have day-to-day control over USA Hosts' activities in procuring the ground transportation for the convention. Thus, Creative Group did not have any operational control over USA Hosts.

Further, USA Hosts did not have operational control over the exact distance from a curb that a driver employed by its independent contractor, American Luxury, parked a bus at an otherwise safe drop off point. As stated in the affidavit of Marsha Reeder, USA Hosts' Vice President of Administration and General Manager in New Orleans, USA Hosts did not have a contract with American Luxury to supervise, pay, direct, or control the actions of American Luxury's drivers, except to provide pickup and drop off location information, schedule breaks, and deliver gratuities; nor did USA Hosts direct or order any driver to park is a specific location during the pickup or drop off of the convention attendees.

Because neither Creative Group nor USA Hosts had operational control over decisions of the bus driver on where to position his bus at an otherwise safe drop off location, they are entitled to summary judgment, dismissing plaintiffs' claims against them.

## CONCLUSION

**IT IS HEREBY ORDERED** that Creative Group, Inc.'s Motion for Summary Judgment (Doc. #30) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

**IT IS FURTHER ORDERED** that USA Hosts, Ltd.'s Motion for Summary Judgment (Doc. #32) is **GRANTED**, and plaintiff's claims against it are **DISMISSED**.

New Orleans, Louisiana, this __10th__day of September, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**